IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| KELSO DAVID WALLACE, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: PWG-13-866 |
| BERNADETTE LAMSON, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case arises out of allegations of discrimination and other claims brought by Plaintiff Kelso David Wallace with respect to his employment with, and termination by, Montgomery County. Plaintiff has alleged that between 1995 and the present day, Defendants Montgomery County (the "County") and County employees Linda Bird, Dianna Gunther, and Bernadette Lamson discriminated against him on the basis of certain disabilities, improperly terminated him, and denied him his right to a fair hearing with respect to his disability benefits. Defendants have moved to dismiss arguing several grounds for doing so, one of which is that Plaintiff's claims are barred by the statute of limitations. I agree, and therefore Defendants' motion to dismiss is granted.

I.   BACKGROUND

For purposes of considering Defendants' motions, this Court accepts the facts that Plaintiff alleged in his *pro se* Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Because Plaintiff's Complaint, ECF No. 1, does not proceed chronologically, it is

difficult to construct a clear timeline. But because Plaintiff proceeds without representation, his Complaint must be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and therefore I will endeavor to make sense of Plaintiff's allegations.

In 1987, Plaintiff David Kelso Wallace began to work in the Montgomery County Department of Facilities and Services as a Security Officer I. Compl. ¶ 10; Appointment Letter (March 10, 1987), Compl. Ex. 13, ECF No. 1-14. At that time, he suffered from dyslexia and other mental disabilities. Compl. ¶ 10. Plaintiff suffered several additional injuries between 1993 and 1997, in incidents that occurred both on and off the job. *Id.* ¶¶ 9, 12–15. As a result of these injuries, Plaintiff saw a number of physicians at various hospitals, *see, e.g.*, *id.* ¶¶ 12–18, and eventually was determined to have a duty-related disability, *id.* ¶ 18. Plaintiff alleges that Defendant Linda Bird (who appears to have been Plaintiff's supervisor) discriminated against and harassed Plaintiff as a result of his disabilities and injuries. *See, e.g.*, *id.* ¶¶ 8–9, 16–17.

In June 1998, Defendant Dianna Gunther (whose role with respect to Plaintiff is not clear from the Complaint) referred Plaintiff for a psychological evaluation, through which he was identified as suffering from diminished mental capacity and dyslexia.[1] *Id.* ¶ 18. On July 22, 1998, the County's Disability Review Panel issued a decision that Plaintiff's learning disorder pre-dated his hiring, that his other disabilities resulted from arthritis, and therefore that "a non-service connected disability retirement [was] recommended." OHR Decision (July 22, 1998), Compl. Ex. 1, ECF No. 1-2; Compl. ¶ 6.b. Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint on October 10, 1998. Compl. ¶ 6.c; EEO Complaint, Compl.

---

[1]  Although the filings in this case refer to Plaintiff's diminished mental capacity, having read his filings and spoken with him during a telephonic Fed. R. Civ. P. 16 status conference, I have concluded that Plaintiff has the capacity to represent himself adequately, and that no further action is required by Fed. R. Civ. P. 17(c)(2).

2

Ex. 2, ECF No. 1-3. Plaintiff alleges that he was terminated as a result of his disabilities on November 27, 1998, Compl. ¶ 19, but the EEO Complaint was settled and Plaintiff was reinstated on March 15, 1999, Compl. ¶ 21.

Over the next few years, Plaintiff's health continued to deteriorate, partly as a result of an on-the-job assault in December 2001. *Id.* ¶ 22. Plaintiff saw several more physicians from 2002 through 2004, *id.* ¶¶ 22–28. By January 21, 2003, Plaintiff no longer was able to walk, *id.* ¶ 22, or to work, *id.* ¶ 24, and he underwent back surgery on May 19, 2003, *id.* ¶ 25. The Complaint does not allege that Plaintiff ever returned to work permanently, but it appears that Plaintiff worked part time over short periods in late 2003, *id.* ¶ 6.d. Plaintiff alleges that he was not given a pay increase that was scheduled to take effect on July 1, 2003, *id.*, and that several of his medical records have been altered, revised after the fact, or deliberately lost. *See, e.g.*, Compl. ¶¶ 7.b–j.

On February 18–19, 2009, a retirement review hearing (the "Hearing") was held with regard to Plaintiff. *Id.* ¶ 29. It appears that Defendant Bernadette Lamson, an Assistant County Attorney, represented the County at that hearing. *See id.* ¶ 7.b (referring to Lamson's conduct at that hearing). Plaintiff alleges several improprieties at that hearing, including the introduction of evidence that had been altered and may not have been authenticated properly, *id.* ¶¶ 7.b–c, and the use of deceptive, false, or incomplete evidence, *id.* ¶¶ 7.c–h. Plaintiff also alleges that Lamson presented her evidence in a manner contrived to make it more difficult for Plaintiff to present his case, *see id.* ¶ 7.i, asked leading questions designed to create inferences against Plaintiff, *id.* ¶¶ 7.f, 31, and introduced irrelevant evidence "in order to discredit the Plaintiff during the hearing," *id.* ¶ 29. Plaintiff also appears to take issue with the lack of discovery

permitted with respect to the Hearing. *Id.* ¶¶ 7.h, 29. Plaintiff implies—but does not allege—that the Hearing panel never issued a decision as required. *Id.* ¶ 35.

Plaintiff asserts that he was not able to obtain certain helpful medical records from Kaiser Permanente before the hearing, and did not receive those records until July 15, 2011. *Id.* ¶ 7.d. In May 2012, over nine months after receiving them, Plaintiff had his medical records reviewed by Doctor Robert Soto, who disagreed with the conclusions of the panel at the Hearing. *Id.* ¶ 30. Plaintiff does not allege that he sought review of the Hearing at any point prior to filing his Complaint in this Court.

Plaintiff also alleges that in February 2012, the County changed Plaintiff's address in their files to an address in Port St. Lucie, Florida, where Plaintiff had purchased a property but had not moved. *Id.* ¶ 35. "Plaintiff believes this change of address may have been done intentionally by the Defendants to prevent Plaintiff from responding to Defendants possible denial of benefits if in fact it was sent out." *Id.*

On March 22, 2013, Plaintiff filed his four-count Complaint in this Court alleging: (i) "handicap discrimination"; (ii) negligence; (iii) insurance fraud; and (iv) breach of contract. Compl. 21–22. On May 24, 2013, Defendants moved to dismiss, arguing that Plaintiff's claims were time-barred, that the Complaint did not comply with Fed. R. Civ. P. 8, that Plaintiff has not complied with requirements under the Americans with Disabilities Act or the Local Government Tort Claims Act, and that, in any event, Defendant Lamson's actions were protected by judicial privilege. Defs.' Mot. to Dismiss, ECF No. 8. Plaintiff filed his opposition on June 7, 2013, Pl.'s Opp'n, ECF No. 10, and Defendants replied on June 28, 2013, Defs.' Reply, ECF No. 13. The motion to dismiss now is fully briefed and is before me. Having reviewed the filings, I find a hearing is not necessary. Loc. R. 105.6.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing the standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286

(1986), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.").

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)). As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

## III. DISCUSSION

Defendants seek dismissal of Plaintiff's claims on the ground that they are barred by the statute of limitations. Defs.' Dismissal Mem. 5–6, ECF No. 8-1. In Maryland, "[a] civil action at law shall be filed within three years from the date it accrues" unless another statute provides otherwise. Md. Code Ann., Cts. & Jud. Proc. § 5-101. The three-year statute of limitations unambiguously applies to Plaintiff's state tort, *Litz v. Md. Dep't of Environment*, 76 A.3d 1076, 1090 (Md. 2013) (applying three-year period to tort claims), and contract claims, *Shailendra*

*Kumar, P.A. v. Dhanda*, 43 A.3d 1029, 1034 (Md. 2012) (three-year limitations period applies to contract claims).

Plaintiff's claim for "handicap discrimination" appears to assert a discrimination claim either under the Americans with Disabilities Act of 1990 (the "ADA"), or Section 504 of the Rehabilitation Act of 1973. *See* Compl. ¶ 6.a. Neither of these acts "provide[s] a statute of limitations. Accordingly, courts 'borrow' the most appropriate or analogous state statute of limitation and apply it to the state cause of action. Maryland courts apply the three-year limitations period governing general civil actions to ADA and Rehabilitation Act claims." *Jeandron v. Bd. of Regents*, 510 F. App'x 223, 227 (4th Cir. 2013) (citing *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011); *Schalk v. Associated Anesthesiology Practice*, 316 F. Supp. 2d 244, 251 (D. Md. 2004); *Kohler v. Shenasky*, 914 F. Supp. 1206, 1211 (D. Md. 1995)).

Plaintiff filed his Complaint on March 22, 2013, so any cause of action that accrued on or before March 22, 2010 is time-barred. Plaintiff alleges that he was discriminated against with respect to disabilities exacerbated by a number of injuries in the late 1990s, Compl. ¶¶ 9–18, culminating in Plaintiff filing his EEO Complaint, *id.* ¶ 6.c, his termination, *id.* ¶ 19 and his subsequent reinstatement, *id.* ¶ 21. There is no question that these events took place more than fifteen years ago and therefore any related claims are time-barred. Because the only allegations respecting Defendants Bird and Gunther took place during this time period, *see id.* ¶¶ 8–6, 16–18, Plaintiff has not stated a claim with respect to Bird or Gunther.

Plaintiff also alleges a number of issues that arose as his disabilities became more serious in the period from 2000 through about 2004. *Id.* ¶¶ 22–28. It appears, although the Complaint does not make it clear, that these events culminated in Plaintiff's 2009 Hearing, *id.* ¶ 29, where

he alleges there were procedural deficiencies and improper conduct by Defendant Lamson, *id.* ¶¶ 7.b–h. Nothing that took place at the hearing, however, falls within the statute of limitations: the hearing was concluded by February 19, 2009, over four years before Plaintiff filed his Complaint.

Plaintiff does not dispute that these events all took place prior to 2010. To the contrary, he admits that "this matter has been an ongoing event in the Board hearing for over 4 years" and the discrimination he alleges "has continued for almost 10 years." Pl.'s Opp'n 3. Therefore, any claims arising out of Plaintiff's post-1999 injuries, the end of his time as a full-time employee of the County, and the 2009 Hearing are time-barred and must be dismissed.

There are only three events that are alleged to have occurred since March 22, 2010: in 2011 Plaintiff received certain medical records that he had requested prior to the hearing, Compl. ¶ 7.d; in February 2012, the County changed Plaintiff's mailing address in their files to a Port St. Lucie, Florida address where Plaintiff does not reside, *id.* ¶ 35; and in May 2012 Plaintiff received a second opinion from Doctor Soto, *id.* ¶ 30.

With respect to the medical records received by Plaintiff in 2011 and reviewed by Doctor Soto in 2012, it appears that Plaintiff actually is alleging problems with the 2009 Hearing. As far as I can discern, his argument appears to be that, had he received his medical records prior to the hearing, he could have presented evidence to rebut the County's position, as supported by Doctor Soto's review of those records. But Plaintiff has not provided any reason why the statute of limitations did not begin to run in 2009, when the allegedly improper Hearing occurred. If Plaintiff suffered any cognizable injury as a result of his inability to obtain his records before the Hearing, it took place then and not in 2011 when those records were provided.

Plaintiff's claim that the County has changed his address in their files is puzzling. It is not expressly listed under any of the counts in Plaintiff's Complaint, *see* Compl. 21–22, and the record before me does not support any theory under which the County's actions—even if intentional—could support a claim for damages. And although I must construe Plaintiff's *pro se* Complaint liberally, I am not "require[d] . . . to conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The only possible harm alleged by Plaintiff—that the change of address could "prevent Plaintiff from responding to Defendants possible denial of benefits if in fact it was sent out," *id.* ¶ 35—is not "enough to raise a right to relief above a speculative level." *Proctor*, 645 F. Supp. at 472–73. Therefore, Plaintiff has not stated a valid claim for relief.

"When a plaintiff fails to state a claim, he 'should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." *Weigel v. Maryland*, 950 F. Supp. 811, 825–26 (D. Md. 2013) (quoting *Fin. Serv. Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 674–76 (S.D. Tex. 2010) (ellipsis in original)). But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *See, e.g.*, *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, the overwhelming majority of the allegations relied upon in the Complaint took place in or before 2009, and there is no way that those facts could support a valid claim even if Plaintiff were given the chance to replead. Nor does it appear that Plaintiff has had any more recent interactions with Defendants that could give rise to liability. Accordingly, dismissal with prejudice is proper.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss will be GRANTED, and this case will be DISMISSED with prejudice.

A separate order shall issue.


Dated: March 10, 2014 /S/
Paul W. Grimm
United States District Judge

dsy